FILED & ENTERED

NOV 04 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gae        DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| In re<br><br>IVAN RAFAELIAN,<br><br>Debtor. | Case No. 2:12-bk-30997-RK<br><br>Chapter 7<br><br>SEPARATE STATEMENT OF DECISION ON EX PARTE MOTION TO RECONSIDER COURT'S ORDERS DENYING DEBTOR'S MOTIONS TO AVOID LIENS |
|---|---|

    By separate order, the court denies the ex parte motion of debtor Ivan Rafaelian to reconsider debtor's Motions to Avoid Lien Under 11 U.S.C § 522(f). This statement of decision sets forth the reasons for denial of the motion for reconsideration.

    By orders entered on October 2, 2013, the court denied the motions of debtor to avoid liens of Citibank (South Dakota), N.A., pursuant to Section 522(f) of the Bankruptcy Code, 11 U.S.C., for insufficient proof of service of the motions.

1 The proof of service attached to the motions indicated that state court counsel was
2 served on behalf of the creditor.  However, as noted in the court's orders denying
3 the motions and citing the opinion of the Bankruptcy Appellate Panel of the Ninth
4 Circuit in *In re Villar,* debtor had not shown that state court counsel was authorized
5 to accept service of process of the lien avoidance motion as required by Rule
6 7004(b)(3) of the Federal Rules of Bankruptcy Procedure.  *See In re Villar*, 317
7 B.R.88, 93-94 (9th Cir. BAP 2004)(explaining that a court cannot presume by an
8 attorney's handling of state court litigation that resulted in the judicial lien that he is
9 also authorized to accept service for a motion to avoid the judicial lien in a later
10 federal bankruptcy case).
11     Copies of abstracts of judgment attached to the moving papers indicate that
12 Citibank (South Dakota), N.A., obtained a judgment against debtor in the amount
13 of $9,518.79, and the abstract of judgment was recorded with the County
14 Recorder of the County of Los Angeles, State of California, on August 17, 2011.
15 Citibank (South Dakota), N.A., obtained a second judgment against debtor in the
16 amount of $12,143.00, and the abstract of judgment was recorded with the County
17 Recorder of the County of Los Angeles, State of California on September 20,
18 2011.  The abstracts of judgment were recorded to perfect the creditor's judgment
19 lien under California law.  California Code of Civil Procedure, § 697.310.
20     According to the Bank Find locator on the website of the Federal Deposit
21 Insurance Corporation (FDIC), Citibank (South Dakota), N.A., is no longer active,
22 and Citibank, N.A., is its successor-in-interest.   According to FDIC Bank Find
23 locator, Citibank, N.A.'s address of record is 701 East 60th Street North, Sioux
24 Falls, South Dakota 57104.  The moving papers show that neither Citibank (South
25 Dakota), N.A., nor Citibank, N.A., was served at this address.
26     After the court denied the lien avoidance motions, on October 11, 2013,
27 debtor filed an ex parte motion for reconsideration.  In support of the motion for
28 reconsideration, debtor contends that the creditor was properly served with the

1  motions in accordance with Rule 7004(h) and that the court erred in denying the
2  motion.  Debtor pointed to the amended proofs of service of the motions (Docket
3  Nos. 35 and 36), signed by counsel, Henrik Mosesi, indicating that the creditor
4  was served in the United States mail "with the postage thereon fully prepaid and
5  certified, with Return Receipt Requested" addressed as follows, Citibank, National
6  Association, Armita Rohani, Vice President, 9401 Wilshire Blvd., Beverly Hills, CA
7  90212.  Attached to the amended proofs of service were photocopies of a PS
8  Form 3811, Domestic Return Receipt, a PS Form 3800, Certified Mail Receipt,
9  and a purported business card for Armita Rohani, Branch Manager, Vice
10 President, Citibank, N.A., 9401 Wilshire Blvd., Beverly Hills, CA  90212.  None of
11 these documents were properly authenticated as required by Rule 901 of the
12 Federal Rules of Evidence.
13       Debtor has not laid a proper evidentiary foundation to show that Armita
14 Rohani is an officer of Citibank, N.A., for purposes of demonstrating proof of
15 service of the motions pursuant to Rule 7004(h) of the Federal Rules of
16 Bankruptcy Procedure.  There is no testimony of any witness with personal
17 knowledge to attest that Ms. Rohani was an officer of Citibank, N.A., at the time of
18 the service of the motions pursuant to Rule 602 of the Federal Rules of Evidence.
19 A photocopy of a purported business card does not establish this, that is, there is
20 no showing that the photocopy is that of a business card, and whether it is
21 authentic, pursuant to Rule 901 of the Federal Rules of Evidence.  Moreover, none
22 of the Postal Service form documents show that any processing by the Postal
23 Service, such as a postmark on either the Domestic Return Receipt or the
24 Certified Mail Receipt.  The Certified Mail Receipt is blank, except for the name of
25 the addressee, Citibank with the debtor's name in parentheses; no amounts of
26 postage, certified fee, return receipt fee, restricted delivery fee or total postage
27 and fees are shown, and there is no postmark.  The Domestic Return Receipt is
28 blank, except for the names of the addressee and the sender, and an illegible

1  signature for the purported recipient, but no postmark for either the original mailing
2  or return of the Domestic Return Receipt.  Without a postmark or other
3  corroborating information, such as a "received" stamp by Citibank, the documents
4  do not corroborate counsel's declaration of service.   Counsel for debtor is
5  implicitly vouching for the authenticity of the documents, but this is improper
6  because he has not laid any foundation that he is competent to testify that Ms.
7  Rohani was an officer of Citibank, N.A., at the time of service of the motions by
8  showing that he has personal knowledge of such facts as required by Rule 602 of
9  the Federal Rules of Evidence.
10         Debtor's lien avoidance remedy under 11 U.S.C. § 522(f) is a powerful one.
11  As Collier on Bankruptcy noted, "One of the more significant changes in the
12  bankruptcy laws brought by the Bankruptcy Reform Act of 1978 was the grant of
13  avoiding powers to debtors to provide additional protection for their exempt
14  property.  Described in its simplest terms, section 522(f) permits a debtor to wipe
15  out the interest that a creditor has in particular property if the debtor's interest in
16  that property would be exempt but for the existence of the creditor's lien or
17  interest.  The debtor's avoiding power under this section is limited in that it may be
18  employed 'only to the extent that the lien impairs the debtor's exemption.'" 4
19  Resnick and Sommer, *Collier on Bankruptcy,* ¶ 522.11[1] at 522-94 (16th ed.
20  2013).  Under Section 522(f), a debtor may avoid the judgment lien of a creditor
21  who had successfully litigated its claim in a nonbankruptcy forum and obtained a
22  judgment which it perfected through state law to attach to the debtor's assets by
23  filing a motion served by mail process rather than personal delivery permitted
24  under the bankruptcy rules.  11 U.S.C. § 522(f); Rules 4003(d), 7004 and 9014 of
25  the Federal Rules of Bankruptcy Procedure; *see also, In re Villar,* 317 B.R. at 92-
26  95.  As noted by the Bankruptcy Appellate Panel in *Villar,* "nationwide service of
27  process by first class mail is a rare privilege which should not be abused or taken
28  lightly . . .," and "[w]here the alternative to service by mail is hiring a process

1 server to serve the papers in person, it seems like a small burden to require literal
2 compliance with the rule[s]." 317 B.R. at 92-93, *quoting, In re Schoon,* 153 B.R.
3 48, 49 (Bankr. N.D. Cal. 1993). As further noted by the Bankruptcy Appellate
4 Panel in *Villar,* "[s]trict compliance with [these] notice provision[s] in turn serve[] to
5 protect due process rights as well as assure that bankruptcy matters proceed
6 expeditiously." *Id.* at 93, *quoting, Addison v. Gibson Equipment Co., Inc. (In re*
7 *Pittman Mechanical Contractors, Inc.),* 180 B.R. 453, 457 (Bankr. E.D. Va. 1995).
8 While the court in *Villar* was specifically referring to the requirement of Rule
9 7004(b)(3) to serve a corporation, partnership or other unincorporated association
10 to the attention of a specifically named officer, the general observations about the
11 need for strict compliance with notice provisions regarding mail service of process
12 apply to serving an insured depository institution under Rule 7004(h), such as
13 Citibank, at a procedurally correct address.
14        The court denied the lien avoidance motions without prejudice, and debtor
15 can remedy the service deficiencies by serving the moving papers at a proper
16 address for the creditor, such as the address of Citibank, N.A., attention of the
17 President, 701 East 60th Street North, Sioux Falls, SD 57104 (the address listed
18 on the website of the FDIC, which agency enforces the Federal Deposit Insurance
19 Act referenced in Rule 7004(h)), as required by Rule 7004(h) of the Federal Rules
20 of Bankruptcy Procedure. In this court's estimation, it seems like a small burden
21 on debtor as the movant to serve the judgment lien creditor, an insured depositary
22 institution, by mail at a publicly recognized address rather at some generally
23 unrecognized address. *See also, Mullane v. Central Hanover Bank & Trust Co.,*
24 389 U.S. 306, 314 (1950)("An elementary and fundamental requirement of due
25 process in any proceeding which is to be accorded finality is notice reasonably
26 calculated, under all the circumstances, to apprise interested parties of the
27 pendency of the action and afford them an opportunity to present their
28 objections.")(citations omitted). But if debtor relies upon some address other than

5

a publicly recognized address to serve the judgment lien creditor in this case, an insured depositary institution, then he should prove up that service is otherwise proper with evidence admissible under the Federal Rules of Evidence.  To observe the requirements of due process of law, the court cannot accept at face value a declaration of service based on representations not supported by admissible evidence.

For the foregoing reasons, debtor has not shown any error by the court in denying the lien avoidance motions, and therefore, the court must deny his ex parte motion for reconsideration.

IT IS SO ORDERED.

###

Date: November 4, 2013

Robert Kwan
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) SEPARATE STATEMENT OF DECISION ON EX PARTE MOTION TO RECONSIDER COURT'S ORDERS DENYING DEBTOR'S MOTIONS TO AVOID LIENS was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **November 4, 2013**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

- Carolyn A Dye (TR)    trustee@cadye.com, cdye@ecf.epiqsystems.com;atty@cadye.com
- Henrik Mosesi    hmosesi@gmail.com
- Avi Schild    bk@atlasacq.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

*Debtor:*
Ivan Rafaelian
469 East Providencia Avenue #1
Burbank, CA 91501

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below: